LUCIEN LONGCHAMPS, Plaintiff and Appellee, *v.* JULIA FRANCESCHI ANTONGIORGI, Defendant and Appellant.

No. 8040.    Argued November 13, 1939.—Decided February 23, 1940.

*Luis López de Victoria* for appellant.    *Lucien Longchamps pro se.*

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Julia Franceschi Antongiorgi, plaintiff herein, has brought this appeal from a judgment of the District Court of Ponce wherein she is adjudged to pay to plaintiff Lucien Longchamps the sum of $409.65 as professional fees, with costs, excluding attorney's fees.

The complaint originated in a current account between the plaintiff and the defendant dating from November 1934. According to the complaint the value of the professional services rendered is $725 and sums advanced for costs and expenses amount to $310.60, which would leave a balance of $414.40 in favor of the plaintiff, if there were not deducted from said $310.60 two items totaling $95.25 which the District Court of Ponce refunded to the plaintiff as costs in two actions in which the plaintiff represented her. So that the amount for which judgment was prayed is $509.65. For a better understanding in this connection, we will transcribe

the part of the third allegation of the complaint where the plaintiff makes the above calculation. It is as follows:

"The total fees for professional services rendered by the plaintiff to the defendant, according to the current account already mentioned, amounts to $725.

"Between October 30, 1934, and November 7, 1936, and to cover the expenses and costs of the various services above enumerated, the defendant handed to the plaintiff several sums, from time to time and on various accounts, amounting to $310.60. From this amount the District Court of Ponce refunded to the defendant, on account of costs and expenses approved in civil cases 9318 and 9347, hereinbefore mentioned under letters (A) and (C) $95.25, leaving a balance, by reason of said advances, amounting to $215.35.

"Deducting $215.35 from $725.00, as the value of the services already mentioned, there is a balance left in said current account of $509.65 due to the plaintiff by the defendant, which balance is a liquidated sum, overdue and demandable."

It is necessary to state, further, that with the exception of items (A) and (C) of the account, which relate to civil cases 9318 and 9347 (see third allegation, *supra*,) wherein amounts are charged exclusively for professional services and which amount to $125 and $100, respectively, the other items include not only the value of services rendered by the plaintiff attorney to the defendant but costs and disbursements made as well. Thus, the $725 claimed by the plaintiff from the defendant for his services includes the value of the latter and, besides, the costs and expenses incurred in all the litigations except those incurred in cases 9308 and 9347, as already stated. The expenses and costs corresponding to the above two cases, according to the various statements of advances and disbursements in connection with the items enumerated in the third allegation of the complaint, prepared by the plaintiff himself and sent up to this court as part of the judgment roll by the defendant and appellant, amount to $77.50, of which $49.25 corresponds to case 9318 to which item (A) of the current account refers, and $28.25 corresponds to case 9347 to which item (C) of said account refers.

The plaintiff and appellee has filed three motions in this court for determination, i.e.; first, a motion to amend the record; second, another motion to strike out from the judgment roll two "Statements showing advances and disbursements in connection with the several items mentioned in the third allegation of the complaint" to which we have already referred; and, third, another motion to dismiss the appeal.

The first of the above motions must be denied, as there appears from the record a paper from the defendant and appellant agreeing to the request of the plaintiff and appellee and consenting to the judgment roll being amended. As regards the second motion, we think that the same should be denied because in our opinion the papers to which it refers are only a recital of facts supplementary to the complaint which were notified to the adverse party prior to the trial and finally admitted in evidence without any objection from either party. The third motion also must be denied because, after carefully considering the facts, we have come to the conclusion that the district court where the case originated was without jurisdiction to take cognizance of the same by reason of the amount involved, and in view thereof and taking into account the fact that both parties have already filed their respective briefs, we prefer to decide the case on its merits and thus save the time of the parties and of this court.

The only error assigned by the appellant reads as follows:

"The lower court erred in failing to sustain the demurrer for insufficiency filed at the trial by this defendant and appellant."

If, as already stated, the $725 sought to be recovered by the appellee includes not only the value of his professional services but also the expenses and disbursements except those incurred in cases 9318 and 9347, the $310.60 received by the plaintiff from the defendant as advances for costs and expenses should logically be applied to the payment on

account of professional services, which account would then be reduced to $414.40, a sum which is below the amount required by the statute to confer jurisdiction on district courts. But as the plaintiff does not charge the sums of items (A) and (C) to the current account for costs and disbursements, it is also logical that he should be refunded such expenses as incurred by him for the benefit of the defendant. According to his own papers, this sum amounts to $77.50, made up of two items of $49.25 and $28.25, respectively, and relating to cases 9318 and 9347 to which items (A) and (C) respectively refer. Adding the $77.50 to $414.40, we have a total of $491.90 which is also below the amount required by the statute to confer jurisdiction on district courts.

We fail to see how the liquidation of the amount could be affected by the item of $95.25 which represents the refund to the defendant by reason of costs allowed to her in two of the actions in which she was represented by the plaintiff. Such amount was allowed by the District Court of Ponce and paid to the defendant and can not be included in the liquidation of this current account.

The $491.90 was the largest amount to which the plaintiff was entitled in accordance with the allegations of the complaint. As such sum is below $500, the district court acted without jurisdiction in determining the present case.

The judgment appealed from must, therefore, be reversed.